ELENA SUÁREZ, Plaintiff and Appellee, v. JUAN SOLÍS, Defendant and Appellant.

No. 7718.—Argued April 25, 1938.—Decided April 29, 1938.

Dubón & Ochoteco for appellant.   Carlos D. Vázquez for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In a divorce suit Elena Suárez obtained a judgment against her husband. The latter appealed. The appellee

moves to dismiss the appeal for two reasons, first, because the notice of appeal was not served on her attorney, and, second, because the appeal has not been prosecuted with due diligence.

■ It sufficiently appears from the record that the notice of appeal was taken to the office of the attorney for the appellee and delivered to the father of the said attorney, and that the said father is also practicing law.

■■ To justify the lack of good faith on the part of the appellant, the appellee shows that since the date of the appeal, or the 11th of May 1936, the appellant has obtained a great number of extensions of time, either alleging no reasons for such extensions or saying that the attorney for the appellant was very busy. The appellee made out a *prima facie* case for the dismissal of the appeal.

The appellant, in his written opposition to the motion, does not deny the facts set forth therein, but says that in reality what happened was that the stenographer's notes which were turned over to him fairly early in the proceeding were misplaced by his attorney and never came to light until recently; that, according to his attorney, appellant was too poor to ask the stenographer for another copy. The motion of the appellee discloses that the stenographer's notes only amounted to 61 pages.

We are of the opinion that the fact of having mislaid the notes ought to have been presented as an excuse to the court at an earlier stage. Then perhaps the other side might have offered to loan the appellant the stenographer's notes, if she had them, or the appellee or the court would have had the opportunity to make some other offer or take some other steps to enable appellant to complete the record.

We feel bound to hold that the excuse was not well founded. The fundamental reason for noncompliance is not sufficient and under Rule No. 59 of this court, the appeal should be dismissed.